■ J.C. MacElroy Co., Inc., Respondent, v Arben Corporation et al., Appellants. [715 NYS2d 391] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), entered June 24, 1999, in an action to recover the price of goods sold, in favor of plaintiff seller and against defendants buyer and labor and materials surety, and bringing up for review an order, entered April 14, 1999, which granted plaintiff's motion for summary judgment, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendants fail to raise an issue of fact as to whether the repair, replace or refund remedies to which the buyer was limited under the subject contract failed of their essential purpose (UCC 2-719 [2]). They assert that support columns fabricated by plaintiff seller for erection and installation by defendant buyer at a construction site were discovered, after installation and the placement on them of a 100,000 pound crossover deck, to be cut to the wrong size, and that considerations of safety, as well as economic feasibility, required the buyer itself to remedy the defect immediately without first notifying the seller. However, as a matter of law, the limited remedies in the contract could not have failed of their essential purpose absent any explanation why the defect could not have been discovered before the deck was placed on the columns, or other explanation why the buyer, as the motion court stated, "put itself into this position" by not inspecting the columns before

installing them and placing the deck. We would also note that almost all of the damages claimed by defendants in their counterclaim are consequential in nature, and therefore would not be recoverable under this contract even if the limitation of remedies did fail of its essential purpose (*see, Daily News v Rockwell Intl. Corp.*, 256 AD2d 13). In this regard, defendants concede that the cost of cutting the columns to size, that is, of repairing the actual defect, was "minimal", and that the bulk of their "back charges" were "due to the manner in which the work had to be performed, which included the retention of a crane at a substantial cost", as a result of the defect having been discovered only after the deck had been placed on the columns. Such damages are consequential in nature. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Rubin, JJ.